UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL DOCKET

VERSUS                                      NO. 07-273

TROY LEE MOORE                              SECTION "B"(5)

ORDER AND REASONS

Nature of Motion and Relief Sought

Before the Court is Defendant Troy Lee Moore's Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Rec. Doc. No. 387). The Government filed a Response. (Rec. Doc. No. 330). Moore filed a Reply thereto. (Rec. Doc. No. 398). Accordingly, and for the reasons below,

IT IS ORDERED that Defendant's Motion (Rec. Doc. No. 387) is DISMISSED WITH PREJUDICE AS TO THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS.

IT IS FURTHER ORDERED that Defendant's direct challenge TO HIS CAREER OFFENDER STATUS IS DISMISSED WITHOUT PREJUDICE TO REURGE IN THE EVENT THE DEFENDANT IS SUCCESSFUL IN VACATING HIS STATE CONVICTION IN A STATE FORUM.

Facts and Procedural History:

Defendant Moore pleaded guilty to a superseding bill of information on April 10, 2008, which charged him with participating in a criminal conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of cocaine

hydrochloride in violation of 21 U.S.C. § § 841(a)(1), 841(b)(1)(B)(ii) and 846. (Rec. Doc. No. 390 at 2). Moore also pleaded guilty to a bill of information filed to establish a prior state conviction for a felony drug offense. (*Id.*)

The district court sentenced Moore to 327 months as a career offender on August 29, 2008. (*Id.* at 2). Moore filed a pro se notice of appeal and the Fifth Circuit remanded to the district court to determine whether the untimely filing of the appeal was justified. (*Id.*) The district court denied Moore's motion for extension of time to file his notice of appeal, finding the untimely filing was not justified. (*Id.* at 3). Moore appealed his sentence under Case No. 08-30945 and the Fifth Circuit denied the government's motion to dismiss. (*Id.*) The Fifth Circuit granted a joint motion filed by the government and Moore to remand the case to district court for re-sentencing. (*Id.*) The district court re-sentenced Moore to 327 months as a career offender on April 14, 2010. (*Id.* at 3,4). Moore filed a notice of appeal with the Fifth Circuit challenging whether Moore's prior conviction of aggravated battery in Louisiana constituted a crime a of violence for the career offender enhancement. (Rec. Doc. No. 387, at 2). The Fifth Circuit affirmed Moore's sentence on March 15, 2011. *United States v. Moore*, 635 F.3d 774 (5th Cir. 2011). The United States Supreme Court denied Moore's petition for certiorari on October 11, 2011. *Moore v. United States*, 132 S.Ct 399 (2011).

2

Moore now seeks to vacate his sentence, claiming ineffective assistance of counsel. Specifically, Moore argues his counsel was ineffective in three respects: (1) In advising Moore to enter a guilty plea without informing Moore he would be subject to career offender status under 4B1.1; (2) By failing to object during sentencing to the imposition of career offender status; and (3) By failing to object to the sufficiency of the evidence contained in the conspiracy indictment. (Rec. Doc. No. 387, at 4-7). Moore also seeks to hold in abeyance his direct challenge to his career offender status while he while he challenges his underlying Louisiana state conviction in a state appellate forum. (*Id.* at 8).

**Law and Analysis:**

The Sixth Amendment guarantees not only the right to counsel, but also the right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to establish that counsel was ineffective – entitling a defendant to post-conviction relief – a reviewing court is guided by a two a pronged test. *Id.* at 687. Failure to establish either prong is fatal to an ineffective assistance of counsel claim. *Crutsinger v. Stephens*, 2013 WL 5227078 (5th Cir. Sept. 18, 2013).

First, the defendant must show that counsel's performance was deficient. *Strickland*, 466 U.S. at 686. Under this prong, counsel's conduct is measured by "an objective standard of reasonableness under prevailing professional norms." *Neville v. Dretke*, 423 F.3d

3

474, 482 (5th Cir. 2005).

Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 686. Thus, it is not enough to establish that counsel's actions were improper, rather "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In *Hill v. Lockhart*, the Supreme Court held that the *Strickland* test was also applicable for challenges to guilty pleas brought by defendants claiming ineffective assistance of counsel. 474 U.S. 52, 58 (1985). In the context of a plea, the analysis under the first prong of *Strickland* is the same. *Id.* Under the second prong of *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

**I. Appeal Waiver**

In Moore's reply brief (Rec. Doc. No. 398), he argues that his wavier of appeal was not knowing and voluntary because he was not advised by his attorney or the district court that "he was actually giving up his right to appeal, or whether he understood, that he was bound by the plea agreement to do the same." (Rec. Doc. No. 398, at 2).

Moore's argument is foreclosed as long as the waiver of appeal

4

was in the plea agreement and the district court took the appropriate steps to make sure that Moore read and understood the plea agreement he was entering into with the government. "A defendant may waive his statutory right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary." *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001)(citing *United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992)). In order for the waiver of appeal to be valid, "[t]he defendant must know that he had a right to appeal his sentence and that he was giving up that right." *Id.*(citing *Portillo*, 18 F.3d at 292(internal quotations omitted)). The Fifth Circuit will enforce a waiver of appeal by the defendant even if the district court does not specifically address the waiver on the record with the defendant when accepting the guilty plea. *United States v. Higgins*, 739 F.3d 733, 737 (5th Cir. 2014). The record only needs to show that the defendant read and understood the plea agreement and the defendant raised no questions as to the waiver of appeal. *Id. See also Portillo*, 18 F.3d 290 at 293 ("We hold, therefore, that when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regrading a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal."); *United States v. McKinney*, 406

F.3d 744, 746 (5th Cir. 2005)("Because [the defendant] indicated that he had read and understood the plea agreement, which include[d] an explicit, unambiguous waiver of appeal, the waiver was both knowing and voluntary."); *United States v. Wheaten*, 465 Fed. Appx. 321, 323 (5th Cir. 2012)(per curiam)(defendant's waiver was valid though the district court did not specifically address the waiver provision because the court did ask several questions probing the defendant's understanding of the plea agreement and the defendant raised no questions as to its terms).

The plea agreement (Rec. Doc. No. 194) was signed by Moore on April 9, 2008. (Rec. Doc. No. 194, at 5). The agreement explicitly states that Moore was waiving his right to appeal except in limited circumstances. (*Id.* at 2). The exceptions to the waiver provide that Moore could bring a post-conviction claim if he established that ineffective assistance of counsel directly affected the validity of his waiver of appeal or the validity of his guilty plea. (*Id.*) The agreement also reserved Moore's right to bring an appeal if the sentence imposed was in excess of the statutory maximum. (*Id.* at 3). Thus, Moore's plea agreement clearly set forth that Moore was waiving his right to appeal except under the specific limited circumstances.

On April 10, 2008, at the Moore's re-arraignment hearing, the court found Moore's plea of guilty knowing and voluntary. (Rec. Doc. No. 306, at 14). The court inquired as to whether Moore read

6

the plea agreement before signing and Moore answered in the affirmative. (*Id.* at 12). The court asked Moore if he had discussed the plea agreement with his attorney and again Moore answered in the affirmative. (*Id.*) The court also asked if Moore had been threatened or forced into pleading guilty and Moore responded that he had not. (*Id.*)

Though the court did not specifically advise Moore that he was waiving his right to appeal, Moore clearly indicated to the court under oath that he read, understood and discussed the plea agreement with his attorney. At no time did Moore raise any questions as to the terms of the plea agreement. Moore's waiver of appeal was valid and he is foreclosed from appealing except under the specific circumstances listed in the plea agreement. Therefore, Moore is precluded from raising grounds of ineffective assistance of counsel on the basis of his counsel's failure to object to the Moore's prior state convictions and to the sufficiency of the evidence against Moore because they are not covered by the appeal waiver exceptions.

## II. Guilty Plea

Moore claims that if his counsel would have informed him that he would be categorized as a career offender he would not have pleaded guilty to the charge. (Rec. Doc. No. 398, at 3). A defendant's claim of ineffective assistance of counsel "survives a waiver of appeal only when the claimed assistance directly affected

7

the validity of . . . the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). A guilty plea must be a knowing and voluntary act, and the defendant must be advised and understand the consequences of pleading guilty. *Pearson*, 910 F.2d at 223 (citing *Barbee v. Ruth*, 678 F.2d 634 (5th Cir. 1982). A defendant is aware of the consequences of his plea as long as he understands the possible maximum sentence the court could impose on him if he pleads guilty. *United States v. Smith*, 143 Fed.Appx. 559, 561 (5th Cir. 2005)(citing *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993); *see also Pearson*, 910 F.2d at 222-23 (finding defendant's plea knowing and voluntary though defendant was unaware of the career offender enhancement but fully aware of the maximum sentence that could be imposed); *McKnight*, 570 F.3d at 650 n.2 (defendant being unaware of the career offender enhancement does not make the defendant's plea unknowing or involuntary). In short, the a guilty plea is knowing and voluntary despite a defendants claim of ineffective assistance of counsel premised on a failure to inform of the possibility of career offender enhancement when defendant knew the possible maximum sentence the court could impose on him.

Though Moore allegedly pleaded guilty without knowing he would be subject to career offender enhancement, he was clearly aware that the maximum possible sentence that could be imposed was life imprisonment. Therefore, Moore's guilty plea was knowing and

voluntary. In the plea agreement that Moore signed and stated under oath he read and reviewed with his attorney it states that the maximum possible penalty was life imprisonment and the minimum penalty was ten years. (Rec. Doc. No. 194, at 2). At Moore's re-arraignment hearing, the court addressed the maximum possible sentence multiple times with Moore. (Rec. Doc. No. 306, at 8-10). The court asked Moore three times if he understood that if he pled guilty to the charges the maximum possible sentence the court could impose would be life imprisonment. (*Id.* at 9). After each inquiry by the court, Moore answered "[s]ir, yes, sir." (*Id.*).

The record also shows that the court addressed the Federal Sentencing Guidelines with Moore. (*Id.* at 10). The court advised Moore that the guidelines were only advisory and the court was not bound by them. (*Id.* at 10). The court informed Moore he could be sentenced to a term of imprisonment either greater or less than the guidelines. (*Id.*). The court stated the only sentence that could not be imposed was a sentence above the statutory maximum, which was life, or a sentence below the mandatory minimum, which was ten years. (*Id.*). After being advised of this by the court and asked if he understood, Moore again replied "[s]ir, yes, sir." (*Id.*) The record indicates that Moore was aware that he could be sentenced to life imprisonment and the mere fact that Moore was unaware he would be categorized as a career offender does not render Moore's plea of guilty unknowing or involuntary. For the above reasons, Moore has

not established that his counsel was ineffective by failing to inform Moore of the possibility of a career offender enhancement.

### III. Pending State Appeal

Moore's request to hold open a claim in his §2255 motion while he seeks to have the state conviction that qualified him as a career offender vacated is improper. 28 U.S.C.A. §2255(f)(4) reads, in pertinent part, that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence." The Fifth Circuit has not directly addressed the issue of holding a §2255 motion in abeyance pending a state appeal, but it has found that a defendant who is able to vacate their underlying state conviction that enhanced their federal sentence does state a claim for relief under §2255. *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994). That court relied on Supreme Court dicta which acknowledged that a defendant who successfully vacates a state conviction "may then apply for reopening of any federal sentence enhanced by that state sentence." *Id.* (citing *Custis v. United States*, 511 U.S. 485 (1994)).

Courts outside of the Fifth Circuit have consistently held or indicated that §2255 claims based on pending challenges to prior state convictions are not ripe for review and are properly dismissed without prejudice. *See United States v. Walker*, 198 F.3d

811 (11th Cir. 1999)(holding that a district court could reopen and reduce a defendant's sentence after he had successfully vacated an underlying state conviction that enhanced his sentence after previously finding the defendant had no basis to challenge while appeal was pending on the state conviction ); *McCarthy v. United States*, 187 F.3d 622 (1st Cir. 1998)(affirming the district court's refusal to hold the defendant's §2255 motion in abeyance pending the outcome of defendant's appeal of state convictions); *United States v. Venson*, 295 F.Supp.2d 630 (E.D.Va. 2003) (dismissing without prejudice the defendant's claim to hold open a §2255 motion while the challenge to his state convictions were pending).

Under §2255(f)(4), Moore's claim becomes ripe for review on the date of the actual invalidation of the state convictions and he will have one year from that date to file his claim seeking review of his sentencing as a career offender. Moore's appeal of the state conviction qualifying him as a career offender is currently pending in the Court of Appeals for the First Circuit of Louisiana. (Rec. Doc. No. 387, at 33). If Moore is successful in vacating the underlying state conviction which constituted the basis for his classification as a career offender, he could then bring the present claim to the court for review. Therefore, Moore's current claim should be dismissed without prejudice.  Accordingly,

**IT IS ORDERED** that Defendant's Motion (Rec. Doc. No. 387) is **DISMISSED WITH PREJUDICE AS TO THE INEFFECTIVE ASSISTANCE OF**

COUNSEL CLAIMS.

**IT IS FURTHER ORDERED** that Defendant's direct challenge **TO HIS CAREER OFFENDER STATUS IS DISMISSED WITHOUT PREJUDICE TO REURGE IN THE EVENT THE DEFENDANT IS SUCCESSFUL IN VACATING HIS STATE CONVICTION IN A STATE FORUM.**

New Orleans, Louisiana, this 11th day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE