UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 07-273 |
| TROY LEE MOORE | SECTION "B" |

## ORDER AND REASONS

Considering defendant Troy Lee Moore's motion for compassionate release (Rec. Doc. 502) and the government's response (Rec. Doc. 506),

**IT IS ORDERED** that the motion (Rec. Doc. 502) is **DISMISSED WITHOUT PREJUDICE** to refile upon satisfaction of 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Moore pled guilty to a superseding bill of information on April 10, 2008, which charged him with participating in a criminal conspiracy to distribute and possess with intent to distribute five hundred (500) grams or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 846. Rec. Doc. 191; Rec. Doc. 193. Based on a total offense level of 34 and a criminal history category of VI, the U.S. Probation Office calculated Moore's advisory guideline imprisonment range from 262 to 327 months. Rec. Doc. 301 at 22; Rec. Doc. 302. The district court sentenced Moore to 327 months as a career offender on August 29, 2008. Rec. Doc. 282 at 2. Moore also pled guilty to a bill of information filed to establish a prior state conviction for a felony drug offense. Rec. Doc. 190.

Moore filed a *pro se* notice of appeal and the Fifth Circuit remanded to the district court to determine whether his untimely filing of the appeal was justified. Rec. Doc. 288. The district court denied Moore's motion for extension of time to file his notice of appeal, finding the untimely filing was not justified. Rec. Doc. 296. Moore appealed his sentence under Case No.

1

08-30945 and the Fifth Circuit granted a joint motion filed by the government and Moore to remand the case to district court for re-sentencing. Rec. Doc. 310. The district court resentenced Moore to 327 months as a career offender on April 14, 2010. Rec. Doc. 338. Moore filed a notice of appeal with the Fifth Circuit challenging whether his prior conviction of aggravated battery in Louisiana constituted a crime a of violence for the career offender enhancement. Rec. Doc. 387 at 2. The Fifth Circuit affirmed Moore's sentence on March 15, 2011. *United States v. Moore*, 635 F.3d 774 (5th Cir. 2011). The United States Supreme Court denied Moore's petition for certiorari on October 11, 2011. *Moore v. United States*, 565 U.S. 942 (2011).

Moore then filed a *pro se* motion vacate his sentence, claiming ineffective assistance of counsel. Rec. Doc. 387. Moore also sought to hold in abeyance his direct challenge to his career offender status while he while he challenged his underlying Louisiana state conviction in a state appellate forum. *Id.* at 8. The Court dismissed Moore's ineffective assistance of claims with prejudice. *United States v. Moore*, No. 07-273, 2014 WL 1413876 at *5 (E.D. La. Apr. 11, 2014). The Court also dismissed Moore's challenge to his career offender status without prejudice to reurge if he was successful in vacating his state conviction in a state forum. *Id.*

On September 30, 2024, Moore filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Rec. Doc. 502. The government opposes. Rec. Doc. 506. Moore submitted his request to the Yazoo City warden on or about June 28, 2023. Rec. Doc. 502 at 3. Without listing any enumerated grounds on which he seeks compassionate release, Moore merely requested assistance in contacting the director of the Bureau of Prisons to "follow through with [his] reduction of [] sentence pursuant to U.S.C. § 3582(c)(1)(A) in the wake of the first step act based on extraordinary and compelling compassionate release/reduction of sentence or writ of habeas corpus under 28 U.S.C. § 2241." Rec. Doc. 502-1 at 2. The warden denied

Moore's request on July 6, 2023, finding Moore ineligible for any of the reasons for compassionate release "based off the information [Moore] provided." Rec. Doc. 502-1 at 3. Rather than filing a new request for compassionate release with the warden, Moore filed the instant motion for compassionate, including five enumerated grounds: (1) his young age at time of offense; (2) the disparity of his sentence in comparison to his co-defendants and other defendants; (3) his post-rehabilitation conduct; (4) gross disparity of sentence under U.S.S.G. § 1B1.13 (unusually long sentence); and (5) the familial support he will receive once released. Rec. Doc. 502 at 6. Moore is scheduled to be released on November 20, 2031[1]. *See Find an inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last visited March 10, 2025).

## LAW AND ANALYSIS

### A. Standard of Review

A defendant may move the court for compassionate release after either fully exhausting his administrative rights or upon the lapse of thirty days from a request for relief to the warden, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement has been met, the court may reduce a defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant such a reduction and, thereafter, a reduction would be in conformity with the sentencing factors under 18 U.S.C. § 3553(a). *See id.*; *Ward v. United States*, 11 F.4th 354, 359-60 (5th Cir. 2021). The analysis of extraordinary and compelling reasons is informed by—and must be consistent with—applicable policy statements of the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The defendant has the burden of proving they are entitled to a reduction. *See Ward*, 11 F.4th at 361 (citation omitted).

### B. Exhaustion of Administrative Remedies or Lapse of Thirty Days from Request for Relief from Warden

---

[1] Petitioner Moore's motion indicates that his projected release date is October 10, 2031. *See* Rec. Doc. 502 at 2.

Moore asserts that he has exhausted administrative remedies because he waited beyond 30 days after the Yazoo City warden received and denied his request. *See* Rec. Doc. 502 at 5. Moore further indicates that the warden's response failed to address all the reasons warranting compassionate release, such as Moore's age at the time of the offense, the disparity of sentencing among Moore's co-defendants, his accomplishments while incarcerated, and the length of his sentence. *See* Rec. Doc. 502-1 at 1. The government asserts that Moore's generalized request to the Yazoo City warden fails to satisfy the exhaustion of administrative remedies requirement for compassionate release. Rec. Doc. 506 at 4.

A motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) may be granted only if filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit held that Section 3582(c)(1)(A)'s exhaustion requirement is a "mandatory claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). A defendant's failure to exhaust can be "a glaring roadblock foreclosing compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). *See United States v. Gonzales*, 849 F. App'x 116, 117 (5th Cir. 2021); *see also United States v. Scott*, No. 17-114, 2024 WL 2187849, at *2 (E.D. La. May 14, 2024). "Courts have required an appeal of the warden's decision regarding compassionate release for a prisoner to have exhausted administrative remedies." *United States v. Thomas*, No. 12-266, 2025 WL 71892, at *1 (E.D. La. Jan. 10, 2025) (citing *United States v. Ellis*, No. 13-286, 2020 WL 4050409, at *2 (E.D. La. July 20, 2020) (citation omitted).

4

An inmate's 3582(c)(1)(A) request to the warden must at a minimum contain: (1) "the extraordinary or compelling circumstances that the inmate believes warrant consideration" and (2) "proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." *See* 28 C.F.R. § 571.61(a). Further, the facts asserted in the petitioner's request to the warden and in his motion for compassionate release with the court must be the same. *See United States v. Gonzalez*, 849 F. App'x 116, 117 (5th Cir. 2021). Here, the Yazoo City warden responded to Moore's request, stating the request lacked the required information to determine whether Moore qualified for compassionate release. Rec. Doc. 502-1 at 3. It does not appear that Moore submitted additional information to the warden, which would then allow the warden to assess the merits of his request for compassionate release. Nor does it appear that Moore appealed the warden's decision to the Bureau of Prisons. Instead, Moore filed the instant motion to this Court. Moore's failure to show that he has fully exhausted his administrative remedies is fatal to his request for compassionate release. Because Moore has failed to exhaust his claim, the Court declines assessing petitioner's motion on the merits.

New Orleans, Louisiana this 1st day of April 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE

5